IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN G. SMITH,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>RICK EBERHARDT, Pierce County Shariff; and JASON DWINELL, Wayne County Shariff,<br><br>　　　　　　Defendants. | 8:21CV46<br><br>MEMORANDUM<br>AND ORDER |

　　　Plaintiff, a non-prisoner, filed his pro se Complaint (Filing 1) on February 8, 2021, and has been given leave to proceed in forma pauperis ("IFP"). In a Memorandum and Order (Filing 6) entered on March 24, 2021, the court found this case to be duplicative of Case No. 8:20CV357, which was then pending on appeal to the Eighth Circuit following its dismissal without prejudice for non-prosecution and failure to comply with the court's order that Plaintiff file an amended complaint. As a result, the court stated it would not conclude its initial review of Plaintiff's Complaint in this case until the appeal in Case No. 8:20CV357 was fully complete.

　　　The United States Court of Appeals for the Eighth Circuit entered judgment affirming the dismissal of Case No. 8:20CV357 on May 6, 2021, and its mandate was issued 3 weeks later. Accordingly, the court will now conclude its initial review of Plaintiff's Complaint in the present case to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

　　　Plaintiff states this is a 42 U.S.C. § 1983 action, which arises out of his arrest by the Wayne County Sheriff's Department on July 15, 2020, and his subsequent

confinement at the Pierce County Jail. Plaintiff claims the arrest was unreasonable, and complains he was held in the jail's "drunk tank with no din[n]er, blanket, mattress, or pillow in a below 70[ ] degree cell" for at least 24 hours (Filing 1 at CM/ECF p. 3.) Plaintiff also alleges he was not given two doses of his blood-pressure medication, which caused his blood pressure to spike and resulted in a stroke. Plaintiff sues the Wayne County Sheriff and the Pierce County Sheriff. He seeks damages for lost wages and lost future earnings.

The Complaint filed in this case is not materially different from the Complaint filed in Case No. 8:20CV357, which the court determined on initial review failed to state a claim upon which relief may be granted. Plaintiff has only dropped unnamed deputy sheriffs as Defendants and added a few incidental allegations or comments to his "statement of claim."

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v.*

*JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff sues the Pierce County Sheriff and the Wayne County Sheriff. As the court previously explained to Plaintiff in Case No. 8:20CV357, because he does not specify the capacity in which he sues Defendants, the court must construe Plaintiff's suit to be brought against Defendants in their official capacities, which is actually a suit against the counties that employ Defendants as their sheriffs. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer." (internal citations omitted)); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent.").

As the court also carefully explained in its December 23, 2020 Memorandum and Order entered in Case No. 8:20CV357, Pierce County or Wayne County may only be held liable under section 1983 if a "policy" or "custom" of the County caused a violation of Plaintiff's constitutional rights. *See Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642,

645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental "custom," a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Plaintiff's allegations fail to show that any actions were taken pursuant to a policy or custom of Pierce or Wayne Counties. "Although [Plaintiff] need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he must nonetheless present some allegations, references, events, or facts from . . . which the court could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom of the County or a deliberate choice by a decision-maker with final authority." *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016). Plaintiff does not allege that either Sheriff made a decision that caused his constitutional rights to be violated, or that they had notice of a pattern of misconduct by their deputies or medical staff.

### IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted, and therefore is subject to preservice dismissal pursuant to 28 U.S.C. § 1915(e)(2). The court will not give Plaintiff leave to amend on its own motion because Plaintiff made no attempt to correct the pleading deficiencies that were previously pointed out to him in Case No. 8:20CV357. *See Higgins v. Carpenter*, 258 F.3d 797, 800

(8th Cir. 2001) ("28 U.S.C. § 1915(e)(2)(B)(ii) ... allows a court to dismiss, prior to service of process and without leave to amend, an IFP action ... if it fails to state a claim on which relief may be granted.").

IT IS THEREFORE ORDERED:

1. This case dismissed without prejudice.

2. Judgment will be entered by separate document.

DATED this 2nd day of June, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge